SOVEREIGN CAMP, W. O. W., v. WAGGONER.

(Division A. April 5, 1937.)

[173 So. 424. No. 32607.]

Eastland, Eastland & Ormond, of Forest, for appellant.

O. B. Triplett, Jr., of Forest, for appellee.

Argued orally by **O. B. Triplett, Jr.**, for appellee.

**Cook, J.**, delivered the opinion of the court.

In the fall of 1932 the appellee, C. E. Waggoner, wrote the appellant association a letter indicating his desire and purpose to apply for the total and permanent disability benefit provided in his insurance certificate in said association. Upon receipt of this letter the appellant forwarded the necessary blanks to enable the insured to make application for the disability benefits, with a letter stating that:

"In order to receive this benefit the member must make satisfactory proof of disability, and must continue the prompt payment of all monthly installments of his annual assessment until his disability claim is actually allowed and paid. Otherwise he will become suspended and his beneficiary certificate will become null and void.

"If the claim is allowed, the Total Disability Benefit amounts to one-half of the certificate less any indebted-

ness due the Association and the beneficiary certificate is thereby cancelled and membership in the Association terminates.''

Appellee forwarded proofs of disability which were disallowed, and in June, 1934, he filed suit for $500 on the benefit provided by his certificate for total and permanent disability. This suit proceeded to judgment in circuit court and on appeal to this court was affirmed. This judgment was afterwards paid and fully satisfied, upon the execution by the appellee of a release of all liability except his claim for all monthly installments on his annual assessment, which were paid after his proof of disability was disallowed.

Afterwards appellee filed this suit in the chancery court of Scott county, seeking to recover as additional benefits one-half of the amount provided in his certificate ''for the erection of a monument to his memory,'' one-half of certain surplus accumulations or paid-up insurance, and the monthly installments of the annual assessment on the certificate, which had been paid after appellee's proof of disability was disallowed, some of which were paid under protest. The court below allowed recovery for all the stated items, and from that decree this appeal was prosecuted.

The bill of complaint sought recovery of one-half of the monument benefit, and one-half of the ''so-called'' paid-up insurance, on the ground that appellant's liability therefor and duty to pay the same were fraudulently concealed from appellee, and that he was induced to pay the monthly installments of premium by misrepresentations on the part of appellant. To this bill of complaint the appellant pleaded (1) that the former suit was res adjudicata of the claim of all alleged additional benefits; (2) that the alleged monument benefit and the so-called paid-up insurance did not comprise any part of the total and permanent benefit available to appellee;

and (3) that the monthly installments of premium were paid voluntarily.

Appellee's original application was for participation in the benefit fund to the amount of $1,000, and the face of the beneficiary certificate issued by appellant was for that sum, and we understand that appellee does not contend that the monument benefit was a part of the face of the certificate. On the contrary, appellee contends, and we think correctly, that the monument fund was not a part of "the face of the certificate," and since appellant's by-laws provide that the benefit for total and permanent disability of an insured occurring before the age of sixty years shall be "one-half of the face amount of the certificate," there can be no recovery of the one-half of the monument fund unless it can be sustained by reason of the facts next to be stated.

In response to an interrogatory propounded to appellant's secretary, he replied in part as follows: "The method by which this association arrived at the sum to be due B. C. Ponder was simply to take one-half the face amount of his beneficiary certificate and to give him credit for one-half the monument benefit to which his beneficiary would have been entitled had Mr. Ponder died while the certificate was in force. While the constitution, laws and by-laws and the beneficiary certificate of members do not provide for the payment of one-half of the monument benefit in case of a permanent disability claim, the association has allowed this additional sum in the settlement of permanent total disability cases."

Based upon this answer, appellee contends that there was established a long adopted course or custom of appellant to pay one-half of the monument benefit in the case of permanent disability, and that consequently, by virtue of the provisions of section 5171, Code of 1930, prohibiting discrimination in favor of individuals of the same class and equal expectation of life, appellant was bound to pay one-half of the said monument benefit to

the appellee. We do not construe the language of this witness that the "association has allowed this additional sum in the settlement of permanent total disability cases" as showing any established rule or custom so to do, and if the appellant association has made this discrimination in favor of one or more designated individuals of the class, it did so in violation of the statute. Section 5171, Code of 1930, provides in part that: "No life insurance company doing business in Mississippi shall make any distinction or discrimination in favor of individuals of the same class and equal expectation of life in the amount of payments of premiums or rates charged for policies of life or endowment insurance, or in the dividends or other benefits payable thereon, or in any of the terms and conditions of the contract it makes."

By virtue of the provisions of this statute, a promised discrimination in favor of an individual is unenforceable, Cole v. State, 91 Miss. 628, 45 So. 11; Rideout v. Mars, 99 Miss. 199, 54 So. 801, 35 L. R. A. (N. S.) 485, Ann. Cas. 1913D, 770, and discriminations in favor of one or more individuals in the payment of benefits, in violation of the statute, does not bind the offending insurance company to grant the same benefit to all policyholders. By such violation of the statute, the offending company subjects itself to the penalty of a revocation of its license to transact business in this state, but it does not bind itself to pay like benefits to all policyholders of the class. We think the court below was in error in allowing recovery on this monument fund.

During the five years next preceding appellee's application for disability benefits, there were allocated to his insurance certificate certain small dividend accumulations, or paid-up insurance, under a resolution adopted by the association, which provided, in part, as follows: "Said paid up insurance shall only be available as to each member in the event he continues his membership by the payment of all dues and assessments required of

him in accordance with the terms of his certificate and the laws of the association. Should the membership of any such member become lapsed or suspended or void for any reason, said paid up insurance hereby granted shall become suspended and of no effect and null and void.''

The resolution under which this so-called paid-up insurance was allocated expressly provided that it should only be available as to each member in the event he continued his membership by the payment of all dues and assessments in accordance with the terms of the certificate and the laws of the association, and that it should be of no effect and null and void if the membership of any insured became lapsed, suspended, or void for any reason. The constitution, laws, and by-laws of the appellant association require that membership in the association shall cease and the certificate be surrendered for cancellation upon receipt of settlement for disability benefits. The resolution under which the dividend accumulations were allocated contemplates continued payment of annual assessments until the death of the insured, and upon the surrender of appellee's insurance certificate for cancellation the allotments became ineffective and void, and we think the court below was in error in allowing recovery for these allotments.

The monthly installments of the annual assessment or premium, for the recovery of which appellee sues, were paid to cover the period intervening between the disallowance of his proof of disability and the final consummation of the suit to establish the appellant's liability for the total and permanent disability benefit claimed by appellee. By the payment of these installments of the annual assessment, appellee maintained his insurance certificate in full force and effect and received the full protection provided thereby, and by these payments he preserved his right to maintain his life insurance in full force and effect in the event he lost his claim for dis-

ability benefits. We think the requirement that the insured should keep his installments paid up until the final determination of his right to the disability benefit was reasonable and for the protection and benefit of the insured, and that no recovery should be allowed therefor.

The decree of the court below will, therefore, be reversed and a decree will be entered here for appellant.

Reversed and decree for appellant.